# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

EDWARD C. STATECUM                                                                          PLAINTIFF

v.                                                                                          No. 2:07CV60-M-A

MS STATE HOSPITAL, ET AL.                                                                   DEFENDANTS

## MEMORANDUM OPINION DISMISSING
## CASE AS UNTIMELY FILED

This matter comes before the court on the *pro se* complaint of Edward C. Statecum, who, under 42 U.S.C. § 1983, challenges various actions by state actors from February 16, 1977, through January 15, 2001. The plaintiff has also filed two motions [11], [13] for reconsideration of the court's August 27, 2007, order for the plaintiff to show cause why the instant case should not be dismissed under Mississippi's three-year general statute of limitations, MISS. CODE ANN. § 15-1-49. The plaintiff professes his belief that his civil rights have been violated by various actors under color of Mississippi law. The events giving rise to his claims occurred in an ongoing fashion between February 16, 1977, and January 15, 2001. The instant case was filed March 30, 2007.

The plaintiff argues that federal constitutional rights are not subject to a state's limitations period. The plaintiff is, however, mistaken in this belief, as the instant case is clearly governed by 42 U.S.C. § 1983, which establishes a cause of action against those acting under color of state law who violate another's federal civil rights. In such a case, a federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the

statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). As the plaintiff knew of the acts in this case from February 16, 1977, through January 15, 2001, the limitations period in this case had long expired by the March 30, 2007, filing of the this case.

As such, the instant case shall be dismissed with prejudice as untimely filed under MISS. CODE ANN. § 15-1-49. In light of this ruling, the plaintiff's two pending motions for reconsideration shall also be dismissed. A final judgment in accordance with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of December, 2007.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**